HENRY S. MILLARD, administrator, *vs.* HENRY A. CLARK.

Berkshire. September 14. — 18, 1875. AMES & DEVENS, JJ., absent.

A testator, by his will, gave to two grandchildren, a boy and a girl, one sixth part of a certain sum, excepting out of it his interest in a house and land occupied by A., their father, and this was given to them when the boy should reach the age of twenty-one years, or if he should die before that time, then to the girl, when the boy would have been twenty-one, if living, until which time A. was to have the use of the house and land, provided he supported the grandchildren; in case of the death of both of the grandchildren, the sixth part was given to the testator's heirs. The interest of the testator in the house and land consisted of two mortgages upon the land, the fee of which was in the grandchildren, subject to the right of A., who was in possession as tenant by the curtesy. *Held*, on a writ of entry, by the administrator with the will annexed of the testator, to foreclose the mortgages, against A., during the minority of the boy, that A. was entitled to possession so long as he performed the condition imposed by the will, and that the action could not be maintained.

WRIT OF ENTRY, dated February 9, 1874, by the administrator with the will annexed of George Millard, to foreclose two mortgages of land in North Adams. Plea, *nul disseisin*, with a specification of defence that the tenant was in possession under claim of right and by force of the last will of George Millard. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

The demanded premises were formerly owned by George T. Southwick, who on January 29, 1859, mortgaged the same to Edwin Thayer, and he assigned the mortgage on September 9, 1867, to George Millard. On February 8, 1860, Southwick made another mortgage of the demanded premises to said Millard.

On March 10, 1860, Southwick conveyed the premises, subject to the mortgages, to Betsey A. Clark, the wife of the tenant and daughter of Millard, to hold in her own right and free from the control of her husband. She died eight or nine years ago, leaving two children, Herbert Willie Clark and Emily Elizabeth Clark, and her husband, the tenant, surviving her. These children have since continued to live with the tenant on the demanded premises.

The will of George Millard, dated October 21, 1872, after certain specific bequests, contained the following clauses : " It is my will and I give and grant ninety thousand dollars out of my estate, and not hereinbefore disposed of, as follows :

" One sixth part of said sum to my two grandchildren, Herbert Willie Clark and Emily Elizabeth Clark, children of Henry A. Clark, to be divided equally between them if they should both live, excepting out of said sixth part my interest in the house and lot now occupied by their father, Henry A. Clark, situate in North Adams, Mass., which I give and grant to said Herbert Willie Clark and Emily Elizabeth Clark, when said Herbert Willie Clark reaches the age of twenty-one years, or if he should decease before that time then to Emily Elizabeth Clark, when said Herbert Willie Clark would have reached the age of twenty-one years if he had lived. The said Henry A. Clark is to have the use of said house and lot until said Herbert Willie Clark reaches the age of twenty-one years, or if said Herbert Willie Clark decease before that time, until he would if living reach that age,

provided said Henry A. Clark support said children during their minority, and the survivor of them if either should decease before said Herbert Willie Clark reaches the age of twenty-one years. Should it be necessary to use any part of said sixth part to educate or in case of sickness of said Herbert Willie Clark or Emily Elizabeth Clark, either or both, then I direct my executors to use such sum as may be necessary for that purpose out of said sixth part. The balance of said sixth part I direct my executors to loan with good and sufficient surety or sureties, or on good securities; said sixth part is to be paid over to said Herbert Willie Clark and Emily Elizabeth Clark, when said Herbert Willie Clark arrives at the age of twenty-one years, with interest from the time of the settlement of my estate; but if he should decease before reaching that age, then said sixth part is to be paid over to said Emily Elizabeth Clark, at the time said Herbert Willie Clark would have reached the age of twenty-one years, if living, with interest from the time of the settlement of my estate, and in case both of my said grandchildren should die before the time said sixth part is payable as before mentioned, I give said sixth part to my heirs to be divided equally between them."

The tenant, up to the time of the trial, had taken proper care of his children, and comfortably supported them. There was no dispute as to the amount due on the mortgages. Herbert Willie Clark was sixteen years of age in March, 1875.

The tenant contended that upon the above facts, and by the will of George Millard, the action could not be maintained, and requested the judge so to rule; but the judge declined so to rule, and ruled that the demandant was entitled to conditional judgment; and the tenant alleged exceptions.

*F. P. Brown*, for the tenant.

*M. Wilcox*, for the demandant. The testator gave one sixth of $90,000 to his grandchildren, Herbert Willie Clark and Emily Elizabeth Clark; and this included the testator's interest in two mortgages held by him on the demanded premises. This bequest was contingent, and in case the grandchildren both died before Herbert reached the age of twenty-one, then the said one sixth was to pass to the other heirs of the testator. The executor holds this sixth to be handed over ultimately to whomsoever the contingency mentioned in the will shall point out as the proper persons

The provision of the will that the tenant have the use of the house and lot till Herbert reached twenty-one years of age, provided he supports the grandchildren till that time, in no way precludes the executor from foreclosing the mortgages. The foreclosure need not interfere with the tenant's use of the premises so long as he supports the children. The judgment for possession might be so modified that the demandant's entry and possession for the purposes of foreclosure, should be subject to the tenant's rights to the use of the house and lot, under the provisions of the will. *Castle* v. *Palmer*, 6 Allen, 401. *Doten* v. *Hair*, 16 Gray, 149. *Cronin* v. *Hazletine*, 3 Allen, 324. The demandant's possession for purposes of foreclosure need be only constructive, while the actual possession is left to the tenant. *Ellis* v. *Drake*, 8 Allen, 161. The foreclosure would extinguish the tenant's right of redemption growing out of his estate by the curtesy, but would not deprive him of the use of the premises given him by the will, so long as he complied with the conditions upon which the use depended, and this is all he can ask under the will.

WELLS, J. The two mortgages in question were personal assets of the testator. The will makes a specific bequest of them, described as his " interest in the house and lot " in which, subject to the mortgages, the tenant Clark had a life estate, and his children the reversion. The amount of the two mortgages is indeed to be taken as a part of his children's share or sixth part of the $90,000 fund that is to be distributed under the will; but in the gift of that share it is excepted out of the pecuniary part of the legacy, and given separately and specifically. It is not necessary in this case to determine whether it vested at once absolutely in the children of Clark, subject only to his temporary interest, or whether, like the pecuniary part of the legacy, it is subject to a contingent limitation over to the testator's heirs, in case both children should die before the time fixed for its payment to them. The direction that " said Henry A. Clark is to have the use of said house and lot until said Herbert Willie Clark reaches the age of twenty-one years," or would do so if he should live, provided he support said children, must be taken as a bequest to him of the use and benefit, during that period, of the testator's interest as mortgagee; for he had no other interest in or control of

that property. That direction or bequest can have effect only as a release to Clark of the interest to accrue upon the mortgage debt, a suspension of the obligation or necessity to pay the principal, and a relief from interruption of his occupation of the house and land, during the period so limited.

If a judgment for the demandant, so qualified as to save the tenant from being dispossessed during the time he is to have the use of the property under the will, would answer any purpose of foreclosure, it would defeat the manifest purpose of the will; because it would compel him to pay the mortgage debt in order to save his life estate from the effect of the foreclosure. He must surrender his life estate in order to enjoy the temporary benefit conferred by this provision of the will. Such could not have been the intent of the testator, and the language of the will does not favor, much less does it require, that interpretation. We are of opinion that the will secures to the tenant the use and occupation of the premises, undisturbed by any claim under the mortgage or upon the mortgage debt, so long as he performs the condition imposed by the will, until the time arrives for the majority of his son Herbert Willie; and consequently that the demandant is not now entitled to recover possession of the premises for any purpose.                *Exceptions sustained.*